**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KELLY M. BRADLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:22-cv-1150-MTS |
| | ) | |
| LEVI ALLDREDGE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion to Remand, Doc. [11].  Plaintiff originally filed her action in the Circuit Court for the County of St. Louis, Missouri against Defendant Levi Alldredge. Doc [6].  Plaintiff then filed a Second Amended Petition to add Bankers Standard Insurance Co. ("BSIC") as a Defendant in this action.  Doc. [8].  Defendant BSIC removed this case by invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332(a).  Doc. [1].  Plaintiff moved to remand the case back to state court arguing complete diversity does not exist.  Doc. [11].  For the reasons that follow, the Court grants Plaintiff's Motion and remands the case to state court.

**I.    BACKGROUND**

This case arises out of a single vehicle accident that occurred in July 2019.  At that time, Plaintiff Kelly Bradley was a passenger in a pickup truck being operated by Defendant Alldredge. Defendant Alldredge abruptly and violently accelerated his vehicle and Plaintiff was ejected from the vehicle.  Plaintiff suffered a life-threatening head injury and would subsequently be diagnosed with a permanent traumatic brain injury along with other injuries suffered in the incident. Subsequently, Defendant Alldredge would be charged in connection with the incident and plead guilty to reckless driving.

1

On August 27, 2020, Plaintiff filed an action in St. Louis County against Defendant Alldredge for damages arising from the incident.  Doc. [6].  Both parties are citizens of the State of Missouri.  The parties litigated the case with a trial date set for December 5, 2022.

Defendant Alldredge maintained insurance in the amount of $1,250,000 covering this incident. Plaintiff, through her parents, maintained underinsured motorist coverage through BSIC providing additional potential coverage.  Throughout the litigation, Plaintiff kept BSIC informed of the status of the litigation and put them on notice of a potential claim should it become apparent that Defendant Alldredge would exhaust his insurance coverage through either verdict or settlement.

Plaintiff and Defendant Alldredge attempted to finalize a settlement and in September 2022, Defendant Alldredge agreed to Plaintiff's demand for the policy limits.   Plaintiff immediately contacted BSIC and notified them of this development.  Subsequently, Plaintiff added BSIC as a defendant in the case pending in St. Louis County on September 28, 2022.  Doc. [8].  Plaintiff asserted two claims against Defendant BSIC, which are related to recovering payment in excess of Defendant Alldredge's policy limit.  *Id.* ¶¶ 40–45 (Count VII–Underinsured Motorist Claim), ¶¶ 46–49 (Count VIII–Vexatious Refusal).  Defendant BSIC removed the case to this Court on October 31, 2022.  Doc. [1].  For months, Plaintiff and Defendant Alldredge attempted to finalize a settlement.  As of November 29, 2022, "no settlement with Alldredge is final and no funds have been received from Alldredge's insurer." Doc. [20] at 4.  Plaintiff now seeks to remand the action to state court.  Doc. [11].

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  "A defendant may remove a state law claim to federal court

only if the action originally could have been filed there." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010).  A federal court has original jurisdiction under 28 U.S.C. § 1332(a) over civil actions where there is complete diversity—that is, "where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Id.* at 619.  A case cannot be removed to federal court based on diversity of citizenship "more than one year after commencement of the action."  28 U.S.C. § 1446(c).

## III.   DISCUSSION

Plaintiff argues the Court must remand the action to state court because Defendant BSIC removed the case more than one year from the commencement of the action, *see* 28 U.S.C. § 1446(b), and complete diversity, as required for federal jurisdiction pursuant to 28 U.S.C. § 1332(a), does not exist on the face of the Second Amended Petition.  The Court agrees.

It is well settled that an action cannot be removed to federal court based on diversity of citizenship "more than one year after commencement of the action."  28 U.S.C. § 1446(c); *see also Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 600 (8th Cir. 2002) (the "[f]ailure of a party to remove within the one year limit precludes any further removal based on diversity").  Here, Defendant BSIC does not contest this rule or the fact that it removed the case more than one year from Plaintiff's commencement of the action.  Instead, Defendant BSIC argues the rule is inapplicable here because "the district court [should] find[] that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  Doc. [17] at ¶ 3 (citing 28 U.S.C. 1446(c)(1)).  Defendant BSIC provides no evidence of bad faith and the only argument on this point is the one-sentence cited above.  Because Defendant BSIC filed its Notice of Removal more than one year after commencement of the action, removal of this action was improper, and remand is warranted.[1]

---

[1] The Court also notes there is no diversity jurisdiction as Plaintiff and Defendant Alldredge are both citizens of the State of Missouri.  Defendant BSIC's argument on this basis is unavailing.  Doc. [17] at ¶¶ 4–17; *Hutchen v. Wal-*

28 U.S.C. § 1446(c).

Next, the Court considers Plaintiff's request for attorney's fees. "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). The Court does not find the imposition of fees warranted here.

CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, Doc. [11], is **GRANTED**.

A separate Order of Remand will accompany this Memorandum and Order.

Dated this 27th day of December, 2022

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

*Mart Stores E. I, LP*, 555 F. Supp. 2d 1013, 1017 (E.D. Mo. 2008) (explaining the party asserting fraudulent joinder bears the burden to demonstrate its existence).